## Helmbacher Forge and Rolling Mills Company v. Charles Bartels, Administrator of Joseph Goswitch, deceased.

VARIANCE—*how question of, must be raised.* A variance must be specifically pointed out in the trial court; otherwise it is waived.

Action in case for personal injuries. Appeal from the Circuit Court of Madison County; the Hon. JAMES E. DUNNEGAN, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

WISE & McNULTY, for appellant.

J. M. BANDY, and KEEFE & SULLIVAN, for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Madison county, by appellee against appellant, to recover damages for a personal injury sustained by appellee while engaged in the service of appellant as helper in one of the departments of appellant's mills. Trial by jury. Verdict and judgment in favor of appellee for $800.

The declaration consists of two counts which as abstracted by counsel for appellant are as follows:

"The plaintiff avers that the defendant was operating a certain plant for the manufacture of iron, situated in the county of Madison, and used in connection therewith tubs set in the ground, into which all refuse iron, after it had been melted, was conveyed, and into which tubs said refuse iron would remain until it became cooled. That the plaintiff was employed by the defendant to convey this molten iron into the tubs and in placing iron hooks in the cinder of said molten iron as the same was conveyed to the tubs; that plaintiff was wholly inexperienced in such work and unacquainted with the perils attending such duties; that it was the duty of defendant to use reasonable diligence to avoid putting plaintiff to work in a dangerous place without informing the plaintiff of such dangers that were not obvious and could not have been known by the exercise of ordinary care, but which were known to the defendant; that the defendant, not regarding its duty, negligently and carelessly directed the plaintiff, through its foreman, Mr. Davis, to take a cold and damp iron hook and place the same into the molten iron, as said molten iron was conveyed into the tubs from the troughs. That the molten iron was likely to explode upon coming into contact with the damp hook; that while plaintiff was placing said damp hook in a tub of molten iron, through the direction of his foreman, Mr. Davis, said molten iron, by reason of coming into contact with the damp hook, suddenly exploded, and a part of it struck the plaintiff on his arms and body, and on his neck and face, and they were thereby burned and permanently injured."

"Additional count. This count alleges that the defendant used tubs, which were placed in the ground of said plant, into which molten refuse was conveyed, and when such refuse was conveyed into such tubs, as aforesaid, a servant of the defendant would place an iron hook in the cinder in said tub, so that the molten iron, when cool, would become attached to said hook, so that the molten iron could be removed from said tub by lifting on said iron hook. That the plaintiff was engaged in placing iron hooks in the refuse molten iron as the same was conveyed into the tubs; that

in placing said iron hooks into said molten iron, if the same were damp or cold, rendered said metal liable to explode, causing the employment to be attended with danger, which was known to the defendant; that the plaintiff at the time was inexperienced in the work, and did not know that said molten refuse was liable to explode by the placing of a cold iron hook in the same; that his inexperience and ignorance was known to the defendant, but, not regarding its duty, it negligently directed the plaintiff to take an iron hook that was cold and damp and place the same in the molten iron, as the same was conveyed into the tubs, and that while the plaintiff, under the direction of defendant's foreman, Mr. Davis, was engaged in placing a cold, damp hook into the tub, the molten metal suddenly exploded, and, by reason of coming in contact with the cold, damp hook, a portion of the said metal struck the plaintiff on his body and arms, causing plaintiff's clothes to catch on fire, and, by reason of such clothing being on fire, he breathed into his lungs the flame and fume, whereby his body, neck, arms, face and hands were badly burned, and his lungs were badly burned by reason of breathing said fumes and flames, to the plaintiff's damage in the sum of $1,999."

To this declaration appellant pleaded the general issue.

After the appeal in this case was perfected appellee died; his death was suggested to this court at the August term thereof; Charles Bartels, administrator of the estate of said decedent, entered his appearance herein and is substituted as appellee in this case.

Appellant finds no fault with the rulings of the trial court in respect to the admission or rejection of evidence, nor as to the giving or refusing of instructions. They attack the judgment on two grounds only: That the verdict and judgment are against the weight of the evidence, and that there is a variance between the declaration and proof.

In our opinion neither of these positions is well taken. We think the evidence sufficiently proves every material allegation of the declaration to warrant the jury in its finding and to support the trial court in its judgment.

We are also of opinion that this record does not disclose

any material variance between the declaration and the proof. It is contended by counsel that the proof is variant from the allegation, that "defendant negligently directed the plaintiff to take an iron hook that was cold and damp and place the same in the molten iron." The evidence discloses that appellee and another servant by the name of Crevokachah were working together as partners, co-helpers, in placing iron hooks in tubs or pots of molten metal, as a means of removing the metal or slag when it had sufficiently cooled and hardened to admit of being handled. On the occasion of the injury to appellee the supply of hooks had become exhausted, and appellee's co-helper, in the presence of appellee, reported that fact to appellant's foreman who ordered him to get certain hooks that were cold and full of snow. In obedience to this order these hooks were brought in for use, and one of them was used by appellee with the result stated in his declaration, he at the time being wholly ignorant of the danger of using a hook in that condition, and the foreman having full knowledge of such danger. We are of opinion that a direction to appellee to use the hook was clearly inferable from this evidence. And further the law requires that before a question of variance can be raised in this court, due foundation must have been laid in the trial court. The following and the substance thereof has been held in so many cases in this State that citation of authorities is deemed wholly unnecessary here. "It was incumbent upon the defendant to indicate and point out in what the variance consisted, so as to enable the court to pass upon the question intelligently, and also to enable plaintiff to amend his pleadings so as to make it conform to the evidence, and thus avoid defeat upon a point in no way involving the merits of his claim." "In order to raise the question of variance, it was necessary for the defendant to indicate specifically the variance and point out in what it consisted, so as to enable the court to pass upon the question intelligently, and also to enable the plaintiff to amend his pleadings." "The objection of variance is technical and should not be favored, and a motion to exclude on the ground

of variance between the proofs and the pleadings, which does not indicate in what the supposed variance consists, but alleges in general terms that a variance exists, is properly overruled."

In this case, at the close of the plaintiff's evidence and again at the close of all the evidence, the defendant presented motions to exclude the evidence and to instruct the jury to return a verdict in favor of the defendant, and after the verdict came in, presented a motion for a new trial, but neither in any of these motions, nor otherwise, is there any variance either pointed out, specified, indicated or even alleged in general terms. The contention that the question of variance was duly and sufficiently raised in the trial court is based wholly on one objection interposed to the relevancy of an answer made by appellee's co-helper. The answer and objection were as follows: "A. When the foreman was there I told the foreman that there was no hooks there any more, and the foreman took me by the hand and told me where to get the hooks." "Objected to on the ground that there is no allegation in the declaration that this man was ordered to get any hooks." It is true that there is no allegation in the declaration that this man was ordered to get any hooks; there is no allegation in the declaration that any man was ordered to get any hooks, but that neither made the evidence irrelevant, nor constituted a variance; and there was no attempt to point out, specify, or give notice, that a variance was claimed. McCormick Harvesting Machine Company v. Sendzikowski, 72 Ill. App., 402 (408–409), cited by counsel for appellant, discloses very clearly something of what the court understands by indicating specifically the variance and pointing out in what it consists, so as to enable the court to pass upon it intelligently.

The declaration in the case at bar contains no averment or charge as to who was ordered to go outside and bring in the cold snow-covered hooks; the averment is that appellee was directed to use them. It is not material, except incidentally, who was ordered to bring them in. The evidence tends to prove and the jury was warranted in finding that

the hooks were brought in by appellee's co-helper, for immediate use by appellee, from a cinder pile on the outside, in pursuance of the foreman's order; that they were cold and covered with snow and dangerous to be used in that condition; that the foreman knew both these facts, and that appellee did not know of the danger of using them, and used one, with the result that an explosion occurred by reason thereof, and appellee was quite seriously injured thereby.

The foregoing with the undisputed facts, make a meritorious case in favor of appellee against appellant, and we are of opinion that the jury was warranted in finding that the furnishing of these hooks to appellee for use under the circumstances carried with it an implied direction to appellee to use them.   And also, that no sufficient foundation was laid in the trial court for raising any question of variance in this court, even if one could now be pointed out.

The judgment of the Circuit Court is affirmed.

*Affirmed.*